# Exhibit B



U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Gurbir S. Grewal
Assistant U.S. Attorney
Economic Crimes Unit

970 Broad Street, Suite 700
Newark, NJ 07102

(973) 645-2931
Fax: (973) 297-2045

July 14, 2012

BY HAND    ADAM C. FORD, ESQ.
~~William J. Sayegh, Esq.~~
Sayegh Law
65 Gleneida Avenue
Carmel, NY 10512

Re:    Guy Gentile

Dear Mr. ~~Sayegh~~ Ford:

With respect to the interview of Guy Gentile ("your client") by representatives of the United States Attorney's Office for the District of New Jersey and Federal Bureau of Investigation to be held on July 14, 2012 ("the interview"), the following terms and conditions apply:

1. Should your client be prosecuted, no statements made by your client during the interview will be used against your client in the government's case-in-chief at trial or for purposes of sentencing, except as provided below.

2. The government may use any statement made or information provided by your client, or on your client's behalf, in a prosecution for false statements, perjury, or obstruction of justice, premised on statements or actions during or subsequent to the interview.

3. The government may make derivative use of and may pursue any investigative leads suggested by any statements made or other information provided by your client, and may use the evidence or information obtained therefrom against your client in any manner.

4. The government may use your client's statements and any information provided by your client to cross-examine your client and to rebut any evidence or arguments offered on your client's behalf.

5. Neither this letter nor the interview constitutes a plea discussion. In the event this letter or the interview is later construed to constitute a plea discussion, your client knowingly and voluntarily waives any right your client might have under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), or otherwise, to prohibit the use against your client of statements made or information provided during the interview.

6. Neither this letter nor the interview requires the government to enter into any plea discussions with your client or to file any motion regarding cooperation provided by your client. Furthermore, neither this letter nor the interview constitutes the timely provision of complete information to the government concerning your client's involvement in an offense, within the meaning of Section 3E1.1(b)(1) of the Sentencing Guidelines.

7. No statements made by your client during the interview shall be used directly to determine the applicable Sentencing Guidelines range, except as set forth in the final sentence of this paragraph. However, the government may use such statements and any other information provided by your client to pursue investigative leads suggested thereby and may use any evidence or information generated by its investigation directly against your client to determine the applicable guideline range. Moreover, with regard to sentencing, the government may use the statements made and the information provided by your client during the interview to cross-examine your client and to rebut any evidence or arguments offered on your client's behalf. In addition, the government may disclose to the Probation Office and the Court any statements made and information provided by your client and may use such statements and information to determine where within a given guideline range your client should be sentenced and to oppose any downward departure or downward adjustment.

Sincerely,

PAUL J. FISHMAN
United States Attorney

By: Gurbir S. Grewal
Assistant U.S. Attorney

ADAM C. FORD

    I have received this letter from my attorney, ~~William Sayegh~~, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in the letter. This constitutes the full agreement between the parties regarding the government's use of the statements I made and information I provided during the interview.

AGREED AND ACCEPTED:

_____

Guy Gentile                                 Date:

*[signature]*

~~William Sayegh~~, Esq.              Date: 7/14/12

ADAM FORD

- 3 -



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Gurbir S. Grewal*
*Assistant U.S. Attorney*
*Economic Crimes Unit*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*(973) 645-2931*
*Fax: (973) 297-2045*

July 15, 2012

BY HAND
Adam C. Ford, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

      Re:    Guy Gentile

Dear Mr. Ford:

    With respect to the interview of Guy Gentile ("your client") by representatives of the United States Attorney's Office for the District of New Jersey and Federal Bureau of Investigation to be held on July 15, 2012 ("the interview"), the following terms and conditions apply:

    1. Should your client be prosecuted, no statements made by your client during the interview will be used against your client in the government's case-in-chief at trial or for purposes of sentencing, except as provided below.

    2. The government may use any statement made or information provided by your client, or on your client's behalf, in a prosecution for false statements, perjury, or obstruction of justice, premised on statements or actions during or subsequent to the interview.

    3. The government may make derivative use of and may pursue any investigative leads suggested by any statements made or other information provided by your client, and may use the evidence or information obtained therefrom against your client in any manner.

    4. The government may use your client's statements and any information provided by your client to cross-examine your client and to rebut any evidence or arguments offered on your client's behalf.

5. Neither this letter nor the interview constitutes a plea discussion. In the event this letter or the interview is later construed to constitute a plea discussion, your client knowingly and voluntarily waives any right your client might have under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), or otherwise, to prohibit the use against your client of statements made or information provided during the interview.

6. Neither this letter nor the interview requires the government to enter into any plea discussions with your client or to file any motion regarding cooperation provided by your client. Furthermore, neither this letter nor the interview constitutes the timely provision of complete information to the government concerning your client's involvement in an offense, within the meaning of Section 3E1.1(b)(1) of the Sentencing Guidelines.

7. No statements made by your client during the interview shall be used directly to determine the applicable Sentencing Guidelines range, except as set forth in the final sentence of this paragraph. However, the government may use such statements and any other information provided by your client to pursue investigative leads suggested thereby and may use any evidence or information generated by its investigation directly against your client to determine the applicable guideline range. Moreover, with regard to sentencing, the government may use the statements made and the information provided by your client during the interview to cross-examine your client and to rebut any evidence or arguments offered on your client's behalf. In addition, the government may disclose to the Probation Office and the Court any statements made and information provided by your client and may use such statements and information to determine where within a given guideline range your client should be sentenced and to oppose any downward departure or downward adjustment.

Sincerely,

PAUL J. FISHMAN
United States Attorney

By: Gurbir S. Grewal
Assistant U.S. Attorney

I have received this letter from my attorney, Adam C. Ford, Esq. This constitutes the full agreement between the parties regarding the government's use of the statements I made and information I provided during the interview.

AGREED AND ACCEPTED:

_____             Date: 7/15/12
Guy Gentile

_____             Date: 7/15/12
Adam C. Ford, Esq.